BARNHILL and SEAWELL, JJ., dissent.
Proceeding before North Carolina Utilities Commission.
The record discloses:
1. That on 29 November, 1943, the Utilities Commission issued "General Order No. 79," requiring the operators of Union Bus Stations, their agents and employees, on and after 15 December, 1943, to give full information to the traveling public in respect of the points and places, both intrastate and interstate, served by any and all bus companies operating in and out of said Union Bus Stations.
2. Thereafter, on 9 December Atlantic Greyhound Corporation entered a special appearance and moved to dismiss or vacate the order because issued without notice; and on the same day Carolina Coach Company filed demurrer and exceptions to the order, alleging that it was entered without notice, purports to regulate interstate commerce, and impairs the obligations of existing contracts.
3. On 14 December, motion to defer the effective date of the order pending appeal was denied because of its immediate necessity to service men traveling to and from remote sections. Exceptions were filed to this refusal.
4. On 25 January, 1944, the Commission dismissed the motion of the Atlantic Greyhound Corporation and overruled the demurrer and exceptions of the Carolina Coach Company. *Page 673 
In the formal opinion accompanying the rulings of the Commission, it is stated that General Order No. 79 is an administrative rule or regulation made pursuant to authority contained in sections 7 and 11 of the Bus Act, ch. 136, Public Laws 1927.
And further:
"If notice, other than the order itself, is a prerequisite to its validity, the protesting carriers cannot be inadvertent to the fact that said order arises out of a formal complaint in Docket No. 3011, a copy of which was mailed to both Carolina Coach Company and the Atlantic Greyhound Corporation. Both carriers appeared at the hearing thereon on November 18, 1943, were fully advised as to the practice of refusing to give the traveling public impartial information at the Raleigh union bus station to which said complaint related, and were given full opportunity to be heard, as the record therein will show.
"The contention that the order is an unlawful interference with interstate commerce is not supported by the decisions of either State or Federal courts. . . . Corporation Commission v. R. R., 151 N.C. 447, p. 453.
"Neither is the contention that the order impairs the obligation of contracts supported by decisions of State or Federal courts. To the extent that carriers may have attempted to contract against the public interest their contracts cannot be enforced. See In re Utilities Co.,179 N.C. 151."
5. Thereafter, the Greyhound and the Carolina filed notices of appeal, exceptions and assignments of error. These were certified to Superior Court of Wake County on 10 February, 1944.
6. On 29 February, 1944, the Attorney-General, representing the Commission, filed motion in the Superior Court to dismiss the appeal. This motion was allowed, from which ruling the Greyhound and the Carolina appeal, assigning error.
This case which involves General Order No. 79, of the Utilities Commission and the case of Utilities Commission v. Greyhound Corporation,ante, 293, which involved an amendment to General Rule *Page 674 
22 of the Utilities Commission, were both heard at the February Term, 1944, Wake Superior Court. They are companion cases, were so treated before the Commission and in the court below, and are controlled by the same considerations. The differences between them are inconsequential rather than basic. It would serve no useful purpose to travel again the ground covered in the companion case. Reference to the opinion in that case will suffice for the decision here.
Affirmed.
BARNHILL and SEAWELL, JJ., dissent.